# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

JOSEPH S. PACZKOWSKI,

    Plaintiff,

v.  :  Civ. No. 18-352-RGA

STATE OF DELAWARE, et al.,

    Defendants.

---

Joseph S. Paczkowski, Sussex Correctional Institution, Georgetown, Delaware.
Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 22, 2018
Wilmington, Delaware


**ANDREWS, U.S. District Judge:**

Plaintiff Joseph S. Paczkowski, an inmate at Sussex Correctional Institution in Georgetown, Delaware, filed this Complaint in March 2018 raising claims under 42 U.S.C. § 1983.[1] (D.I. 1, 8, 9). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7). He requests counsel. (D.I. 4, 9, 11, 12). The Court reviews and screens the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

**I.  BACKGROUND**

In August 1999, Plaintiff entered a Robinson plea in the Superior Court of the State of Delaware to one count of unlawful sexual intercourse in the third degree. *Paczkowski v. State*, 2001 WL 213354, at *1 (Del. 2001). Pursuant to the plea agreement, he was sentenced to twenty years imprisonment, suspended after two years for fifteen years' probation. *Id.* In October 2011, Plaintiff was charged with violation of probation. (D.I. 8). Plaintiff was detained, and his VOP hearing was continued pending an investigation. (Id.). Plaintiff asked to be released, but he remained detained.

In December 2011, Plaintiff was indicted on five counts of sex offender unlawful sexual conduct against a child. (D.I. 8 at p.1); *see also State v. Paczkowski*, ID Nos. 1112009385 & 9904022327 (Del. Super.) (D.I. 70) (decision denying motion for

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

2

postconviction relief) (available at *Paczkowski v. State*, No. 17-1665 (D.I. 4-2) (D.Del.)). Plaintiff contends that the grand jury should not have heard about his status as a sex offender. (D.I. 8 at p.4). He alleges prejudice and violations of his civil rights because the grand jury heard this evidence. (*Id.*).

On many occasions while awaiting the VOP hearing, Plaintiff requested a new attorney. (*Id.* at p.1). Plaintiff alleges his attorney had a conflict of interest and that the Public Defender and the State of Delaware worked together to violate his civil rights. Plaintiff also alleges that he was denied effective assistance of counsel during the criminal proceedings because his attorney waived Plaintiff's right to a preliminary hearing. (*Id.* at p.3). Finally, Plaintiff alleges that Probation requested destruction of evidence, the request was granted on September 7, 2012, and he needed the evidence for postconviction relief. (*Id.* at p.1).

At Plaintiff's final case review on April 4, 2012, he pled guilty to one count each of unlawful sexual contact in the first degree and to sexual solicitation of a child in addition to admitting a violation of probation. *See Paczkowski*, ID Nos. 1112009385 & 9904022327 (D.I. 70) (decision denying motion for postconviction relief). *See also* D.I. 14 at 6. Plaintiff alleges that the VOP was "put on the plea deal," and he was pressured into it without having an evidentiary hearing. (D.I. 8 at p.4). He alleges he was denied the right to confront his accusers as to the VOP. Plaintiff was sentenced to 30 years at Level V, suspended after serving 15 years at Level V and completing the family problems program for a lengthy period of probation. *See Paczkowski*, ID Nos. 1112009385 & 9904022327 (D.I. 70) (decision denying motion for postconviction relief).

Plaintiff alleges violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. He seeks damages, lost wages (D.I. 4 at 1), and release from prison (D.I. 8 at 1). He also requests counsel. (D.I. 4, 9, 11, 12).

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

4

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, \_\_U.S.\_\_, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and

(3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III. DISCUSSION

### A. Habeas Corpus

To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Torrence v. Thompson,* 435 F. App'x 56 (3d Cir. 2011). A plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

In *Heck*, the Supreme Court held that where success in a §1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence. "[A] state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily

6

demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)(emphasis omitted).

Here, Plaintiff has not alleged or proven that his conviction or sentence was reversed or invalidated as provided by *Heck*. To the extent he seeks damages for his current incarceration, his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. *Neitzke*, 490 U.S. at 326.

### B. Statute of Limitations

In addition, the Complaint is time-barred. Plaintiff's claims are raised pursuant to 42 U.S.C. § 1983. For purposes of the statute of limitations, 42 U.S.C. § 1983 claims are characterized as personal injury actions and are also subject to a two-year limitation period. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983); *see* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.,* 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1167 (3d Cir. 1986). Where "the [statute of limitations] defense is obvious from the face of the complaint and no further factual record is required to be developed" to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (per curiam) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

7

Plaintiff filed his Complaint on March 1, 2018.[2] In the Complaint, the last act complained of by Plaintiff occurred in April 2012, when Plaintiff entered his guilty plea. Hence, it is evident from the face of the Complaint that the claims are barred by the two year limitations period, having been filed four years after its expiration. Therefore, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Amendment of the claims would be futile.

**IV.   CONCLUSION**

For the above reasons, the Court will:   (1) dismiss the Complaint as legally frivolous as time-barred pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1); and (2) dismiss as moot Plaintiff's requests for counsel (D.I. 4, 9, 11, 12). The Court finds amendment futile.

An appropriate order will be entered.

---

[2]The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule." A prisoner's filing is deemed filed as of the date it is delivered to prison officials for mailing to the Court. *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002).
Here, Plaintiff's Complaint is dated March 1, 2018. Therefore, the Complaint was delivered to prison authorities for mailing on or after March 1, 2018, the earliest date possible that it could have been delivered to prison officials for mailing.